UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, SERIES 2007-3,<br><br>                    Plaintiff,<br><br>          -against-<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, MERRILL LYNCH MORTGAGE LENDING, INC., and BANK OF AMERICA CORPORATION,<br><br>                    Defendants. | Index No.  1:19-cv-4890-VSB |

**STIPULATION AND [PROPOSED] ORDER**
**REGARDING EXPERT DISCLOSURE PROTOCOL**

**WHEREAS** the parties recognize that litigation of the above-captioned action may require coordination among their respective experts; and

**WHEREAS**, while Fed. R. Civ. P. 26(b)(4) protects communications between a party's attorney and any expert witnesses the party may use to present evidence at trial (each an "Expert"), it does not explicitly protect communications directly between and/or among i) the Experts themselves or ii) the Experts and/or non-testifying consultants and/or clerical staff;

**NOW, THEREFORE**, the undersigned hereby stipulate and agree to the following provisions relating to reports, disclosures and discovery with respect to Experts in this action:

1.  **Limits on Disclosure**.  Notwithstanding Fed. R. Civ. P. 26 or any other potentially applicable law, statute, regulation or rule, the parties shall not be required to disclose, produce in discovery or at any trial or log on their respective privilege logs any of the following documents or information:

      a.      drafts of any reports, studies, work papers, affidavits, declarations, written testimony, exhibits or disclosures prepared by or at the direction of the Expert, counsel or other agent of the party proffering the Expert, or others working under the supervision of or on behalf of the Expert in connection with this action or any other matter, regardless of the form in which such information is recorded;

      b.      draft, preliminary, intermediate or interim calculations, computations, programs, data, data collections, or data runs prepared for, by or at the direction of the Expert or those working under the supervision of or on behalf of the Expert;

      c.      notes or other writings taken, created or prepared by or for the Expert, counsel, or others working under the supervision of or on behalf of the Expert, including, but not limited to, correspondence or memoranda to or from, and notes of conversations with, the Expert's assistants and/or clerical or support staff, other Experts, non-testifying expert consultants, non-expert consultants retained by a party or a party's attorneys, persons working under the Expert's supervision, or attorneys for the party offering the testimony of such Expert in connection with the Expert's work in this action or any other matter; and

      d.      any communications between or among the Expert, any other Experts, others working under the supervision of or on behalf of any Expert, the Expert's assistants and/or clerical or support staff, non-testifying expert consultants, non-expert consultants retained by a party or a party's attorneys, or attorneys for the party offering the testimony of such Expert or counsel in connection with the Expert's work in this action or any other matter, regardless of the form of the communications.

2. **Expert Depositions**.  Nothing herein shall be construed to prevent deposition questions relating to the substance of the Expert's opinions (including alternative theories, methodologies, variables, or assumptions that the Expert may or may not have considered in formulating her or his opinions or in preparing her or his report).  Thus, notwithstanding anything to the contrary herein, an Expert may be presented at deposition or trial with documents, testimony or other materials not contained in his or her expert report and questioned about whether the Expert saw or considered such documents, testimony or other materials, the reasons why the Expert did or did not consider or rely on such documents, testimony or other materials in formulating his or her opinions and whether such documents, testimony or other material cause the Expert to alter his or her opinion(s) in any respect.

3. **Disclosure of Data or Other Information**.  Nothing herein shall be construed as relieving an Expert of the obligation to disclose (i) his or her compensation related to the Expert's study or testimony; (ii) all data or other information upon which he or she relied in forming his or her opinions, including any underlying data, calculations and analysis, and the sources of such data; and (iii) any assumptions that the Expert relied upon in forming his or her opinions (including, but not limited to those provided by an attorney).  An Expert shall not be required to disclose, and neither the Expert nor the party designating the Expert shall be required to produce in response to any discovery request, other data or information that may have been considered by the Expert but which was not relied on by the Expert in forming his or her opinions.

4. **No Privilege Waiver**.  Nothing herein shall be deemed to waive any applicable privilege or protection or any objection to expert-related discovery not addressed herein.

5. **<u>Prior Stipulations Not Superseded</u>**.  Nothing in this Stipulation and Order shall supersede any stipulation concerning expert discovery or previously-entered stipulation, including any applicable orders of the Court regarding the production and exchange of confidential information.

**AGREED:**

Dated: May 6, 2020

| | |
|---|---|
| **MCKOOL SMITH, P.C.** | **O'MELVENY & MYERS LLP** |
| By: *[signature]* Christopher P. Johnson | By: *[signature]* Pamela A. Miller |
| Christopher P. Johnson<br>Gayle R. Klein<br>Zachary W. Mazin<br>Jared S. Siegel<br>One Manhattan West<br>395 Ninth Avenue, 50th Floor<br>New York, New York 10001<br>Tel: (212) 402-9400<br>Email: cpjohnson@mckoolsmith.com<br>gklein@mckoolsmith.com<br>zmazin@mckoolsmith.com<br>jsiegel@mckoolsmith.com | Pamela A. Miller<br>Daniel L. Cantor<br>7 Times Square<br>New York, New York 10026<br>Tel: (212) 326-2000<br>Email: pmiller@omm.com<br>dcantor@omm.com |
| *Counsel for Plaintiff U.S. Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Series 2007-3* | *Counsel for Defendants Merrill Lynch Mortgage Lending, Inc. & Bank of America Corporation* |

**MUNGER, TOLLES & OLSON LLP**

By: *[signature]*
Richard C. St. John
Adam B. Weiss
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Tel: (213) 683-9100
Email: Richard.StJohn@mto.com
Adam.Weiss@mto.com

**MORAN KARAMOUSIZ, LLP**

Siobhan E. Moran
265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
Tel: (516) 678-6660
Email: smoran@mka-law.com

*Counsel for Defendant First Franklin Financial Corporation*

**SO ORDERED:**

Dated: _____, 2020            By: _____
                                                                                  Hon. Vernon S. Broderick
                                                                                  United States District Court Judge for
                                                                                  the Southern District of New York